SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D

FEB 0 8 2012

J T NOBLIN CLERK
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**CARL BAILEY**                                                                **PLAINTIFF**

VS.                                             CIVIL ACTION NO.: 5:12CV22DCB-RHW

**JEFFERSON COUNTY, MISSISSIPPI;
RAY PERRYMAN, LARRY MCKNIGHT,
TRENT HUDSON, SR., CAMMIE HUTCHERSON,
AND CHRISTOPHER LOWE, individually and their
official capacity as members of the Board of Supervisors
of Jefferson County, Mississippi; MARILYN JONES,
individually and in her official capacity as Clerk of the
Jefferson County Justice Court, and JOHN DOES 1-5,
defendants whose identity is currently unknown to the Plaintiff.**       **DEFENDANTS**

COMPLAINT
JURY TRIAL DEMANDED

Comes now, Plaintiff Carl Bailey, by and through his attorneys and files this Complaint for Damages and Injunctive Relief against the known and unknown Defendants named, and in support thereof would show unto the Court the following:

*Parties*

1. Carl Bailey is an adult resident citizen of the United States, the State of Mssissippi and Jefferson County, Mississippi.

2. Defendant Jefferson County Mississippi is a local governmental entity and political subdivision of the State of Mississippi that is governed by a five member Board of Supervisors. This Defendant may be served with process by serving the President of the board and chief executive officer for Jefferson County, Ray Perryman.

3. Ray Perryman, Larry McKnight, Trent Hudson, Sr., Cammie Hutcherson, and Christopher Lowe are adult resident citizens of Jefferson County, who are sued individually and in

their official capacity as members of the Board of Supervisors of Jefferson County, Mississippi. Each is duly elected to their positions as members of the Board. They may be served with process at their residences in Jefferson County. They are hereinafter referred to as "Board Members".

4.  Marilyn Jones is an adult resident citizen of Jefferson County who is sued individually and in her official capacity as Clerk of the Jefferson County Justice Court. She may be served with process at her residence in Jefferson County.

5.  Defendants John Does 1-5 are unidentified individuals and/or entities that participated directly or indirectly in the events described below and who may be liable as well. When these entities are identified during the discovery process, this Complaint will be amended to reflect the actual names of these parties along with their roles.

## JURISDICTION AND VENUE

6.  This Court is competent to exercise jurisdiction over the subject matter of this case and the parties to this case under 42 U.S.C. §1983 of the United States Code and 28 U.S.C. §1331 and 28 U.S.C. §1367 providing supplemental jurisdiction for any state law claims. Venue is proper under 28 U.S.C. §1391(b) in that the Defendants reside in this district and the events occurred in this district.

### Facts

7.  Carl Bailey is and has been a duly elected constable serving in Jefferson County, Mississippi since 2000. Under state statute (Ms. Code §25-7-27), Plaintiff is compensated for his work by serving process (both criminal and civil) for the state courts located in Jefferson County. Most of his income is generated by service of process in Justice Court.

8.  Under Mississippi law, §11-9-107, the Clerk of the Justice Court is to issue process and have it served first by constables, and if not served within ten (10) days, then the Clerk may send

the process to the Sheriff's Department for service.

9. Upon information and belief, the Defendants in this case, with full knowledge of the applicable state law, have intentionally, deliberately and wilfully violated state law. In or about September of 2011, the Defendant Board members met and acting individually and on behalf of Jefferson County officially ordered the Clerk of the Justice Court to direct all process to the Sheriff's Department for service instead of sending it to the Plaintiff and the other county constable. This way, the payment for the service of papers, $35, goes to the Sheriff's Department and thus, to Jefferson County instead of being paid to the Plaintiff as state law requires. This has deprived Plaintiff of a major source of income without due process of law.

10. The Clerk of the Court, Defendant Marilyn Jones, with full knowledge of the law has joined with the Board of Supervisors in depriving Plaintiff of his legal right to compensation.

11. The actions of the Defendants were made while acting under color of state law, pursuant to a an official custom, practice and/or order of the County Board of Supervisors and deprived the Plaintiff of his constitutionally protected rights in violation of 42 U.S.C. §1983.

## Causes of Action

12. All of the actions and inactions of the Defendants, as outlined in paragraphs 1-11, we undertaken under the color of state law and in furtherance of an official policy of Jefferson County as established and executed by the Defendants.

13. Said actions deprived the Plaintiff of his due process rights secured to him by the Due Process Clause of the 14th Amendment to the United States Constitution and 42. U.S.C. §1983.

14. Defendants' violations of 42 U.S. C. §1983 proximately caused or contributed to the loss of income and other damages suffered by the Plaintiff.

### Damages

15.   Defendants actions and violations of the law proximately caused or contributed to Plaintiff's loss of income and mental pain and suffering.

16.   In additional to the actual damages to Plaintiff, due to the wanton, wilful, deliberate and intentional acts and open and flagrant violation of law, Plaintiff is entitled to punitive damages.

### Prayer for Relief

Wherefore, premises considered, the Plaintiff prays that this court will, upon full hearing of this matter, grant him the following relief:

A.   Declaratory relief, declaring that the actions of the Defendants were unlawful and unconstitutional.

B.   Temporary and Permanent Injunctive relief enjoining the Defendants from further direction of process in Justice Court to the Sheriff's Department without first referring such process to the Plaintiff and the other constable for service.

C.   Awarding Plaintiff back compensation owed and other compensatory damages.

D.   Awarding Plaintiff punitive damages.

E.   Awarding Plaintiff reasonable attorneys fees and costs.

F.   Awarding Plaintiff such other relief as he may be entitled under the law or equity.

Respectfully submitted this the 8 day of February, 2012.

                                        CARL BAILEY

By: _____
PRECIOUS T. MARTIN, SR., MSB#10619
SUZANNE KEYS, MSB # 5032
COUNSEL FOR PLAINTIFF

OF COUNSEL:

**PRECIOUS MARTIN, SR. & ASSOCIATES, PLLC**
821 North Congress Street
Post Office Box 373
Jackson, Mississippi 39205-0373
Telephone: (601) 944-1447
Facsimile: (601) 944-1448