UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF MISSISSIPPI,
                        WESTERN DIVISION


CARL BAILEY                                            PLAINTIFF

VS.                        CIVIL ACTION NO. 5:12-cv-22(DCB)(MTP)

JEFFERSON COUNTY, MISSISSIPPI, ET AL.                 DEFENDANTS


                   MEMORANDUM OPINION AND ORDER

     This civil case is before the Court on a motion for summary judgment **(docket entry 46)** filed by defendant Jefferson County; defendants Ray Perryman, Larry McKnight, Trent Hudson, Sr., Cammie Hutcherson and Christopher Lowe (individually and in their official capacities as members of the Board of Supervisors of Jefferson County, Mississippi); and defendant Marilyn Jones (individually and in her official capacity as Clerk of Jefferson County Justice Court).  Having carefully considered the motion and the plaintiff's response, as well as the memoranda and exhibits, the record in this case and the applicable law, the Court finds as follows:

     The plaintiff, Carl Bailey, is a duly elected Constable for Jefferson County, and has been serving in that position since 2000. Constables receive $1,800 per year from the County.  Bailey Deposition, p. 15.  The remainder of their compensation comes from service of process fees.  Complaint, ¶ 7; Miss. Code Ann. § 25-7-27.  The plaintiff's complaint alleges that the defendants "intentionally, deliberately and wilfully violated state law" at a meeting of the Board of Supervisors in 2011, by "officially

order[ing] the Clerk of the Justice Court to direct all process to the Sheriff's Department for service instead of sending it to the Plaintiff and the other county constable." Complaint, ¶ 9. Defendant Jones is alleged to have "joined with the Board of Supervisors." Complaint, ¶ 10.

The complaint further alleges: "The actions of the Defendants were made while acting under color of state law, pursuant to an official custom, practice and/or order of the County Board of Supervisors and deprived the Plaintiff of his constitutionally protected rights in violation of 42 U.S.C. § 1983." Complaint, ¶ 11. Specifically, the plaintiff alleges that the defendants deprived him of due process rights under the Fourteenth Amendment to the United States Constitution, causing a loss of income, which is actionable through § 1983. Complaint, ¶¶ 13-14.

In their motion for summary judgment, the defendants show that the gravamen of the plaintiff's complaint is that he objects to not being paid his fees for service of process (in civil cases filed by the Jefferson County Tax Collector's Office in Justice Court) prior to any costs or fees being received by the Court from the guilty party or any other source of payment in connection with the case. Bailey Deposition, p. 8. Specifically, the plaintiff is complaining about civil actions filed by the Tax Collector's Office for back taxes on mobile homes in the year 2011. Id.

The individual defendants move for summary judgment on the

basis of qualified immunity. "A qualified immunity defense alters the usual summary judgment burden of proof. ... Once an official pleads the defense, the burden then shifts to the plaintiff, who must rebut the defense by establishing a genuine fact issue as to whether the official's allegedly wrongful conduct violated clearly established law. ... The plaintiff bears the burden of negating qualified immunity, ... but all inferences are drawn in his favor." Brown v. Callahan, 623 F.3d 249, 253 (5th Cir. 2010)(citations omitted).

"The qualified immunity defense has two prongs: whether an official's conduct violated a constitutional right of the plaintiff; and whether the right was clearly established at the time of the violation. ... A court may rely on either prong of the defense in its analysis." Id. (citations omitted).

In this case, the decision by the Board of Supervisors to pay Constables their fees from the first proceeds received in the case is entirely consistent with Mississippi law. Mississippi law provides that "[m]arshals and constables shall be paid all uncollected fees levied under subsection (1) of this section in full from the first proceeds received by the court from the guilty party or from any other source of payment in connection with the case." Miss. Code Ann. § 25-7-27(2). As an alternative to collection of delinquent taxes by the tax collector through filing suit, the Board of Supervisors is authorized to "contract in the

3

manner provided in Section 19-3-41 with a private attorney or private collection agent or agents for the collection of delinquent ad valorem taxes on manufactured homes or mobile homes that are entered as personal property on the manufactured home rolls." Miss. Code Ann. § 27-53-17(2). In addition, the tax collector is authorized to file a tax lien against the property for the collection of delinquent ad valorem taxes, in lieu of filing suit. Miss. Code Ann. § 27-53-17(3).

The plaintiff fails to show that he is entitled to payment of service of process fees by the County prior to collection of the first proceeds in the case. While this is a departure from previous practice, in which the County paid the costs up front, the plaintiff is unable to point to a state law that entitles him to payment of his fees up front. To claim a property interest protected under the Fourteenth Amendment, "a person must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." Board of Regents v. Roth, 408 U.S. 564, 577 (1972).

Another state law, Miss. Code Ann. § 11-9-107, provides that "[w]hen any process has not been returned by a constable within ten (10) working days after issuance by the clerk of the justice court, the clerk shall direct the sheriff of his county and his deputies to execute any such process of the justice court; and the sheriff

4

and his deputies shall execute any process so directed to him by any clerk of the justice court." Id. Thus, in those instances where the plaintiff refused to serve process, or failed to do so within ten working days, the clerk of the justice court had the authority to turn service of process over to the sheriff's office.

Here, the plaintiff has shown merely an expectation to continue collecting his Constable fees prior to the Justice Court receiving any funds in the case. Since the plaintiff has shown no deprivation of a right secured by the Constitution and laws, there can be no liability on the part of the defendants.

Rule 56 of the Federal Rules of Civil Procedure authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In this case, there is insufficient evidence to constitute a genuine issue for trial. The plaintiff has failed to identify a constitutionally protected property interest, and therefore his § 1983 claim fails as a matter of law. The individual defendants are entitled to qualified immunity, and all defendants in their official capacities, as well as Jefferson County, are entitled to summary judgment.

Accordingly,

IT IS HEREBY ORDERED that the defendants' motion for summary judgment **(docket entry 46)** is GRANTED.

SO ORDERED, this the 15th day of May, 2013.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE